FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 8 2005

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BYRON DAWES                                                          PLAINTIFF
Reg. #27724-177

V.                            NO. 2:04CV00216 JMM/JWC

COLE JETER, et al                                                  DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

Plaintiff is a pro se inmate currently confined to the Federal Correctional Institution in Forrest City, Arkansas ("FCI"). On December 17, 2004, Plaintiff filed this Bivens action[1] (docket entry #1) pursuant to 28 U.S.C. § 1331 along with submission of the $150.00 statutory filing fee. On the same date Plaintiff also filed a motion for preliminary injunction and memorandum in support (docket entries #2, #3) to prevent Defendants from further denying him appropriate medical care for his diagnosed Inguinal hernia. According to Plaintiff, he has a documented history of hernia complications and corrective surgery in his lower right side. In early November 2003, Plaintiff was seen in sick call for what he describes as a severe chronic cough that was causing pulling in his abdomen. From past experience he recognized and feared his symptoms as causing either a potential new hernia or a tear of a previously repaired hernia. Despite these fears and his pleas for help, he was not given another medical appointment until three weeks later on November 24, 2003. Still no hernia exam was performed at that time and Plaintiff was instead diagnosed

---

[1] Because Plaintiff is a federal inmate alleging a constitutional violation against federal defendants, his claims are brought pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal agents have a right to recover damages against the official in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

Pn.

with rhinitis and told to use cough drops. It was June 10, 2004, before Plaintiff received a hernia exam and was diagnosed with an Inguinal hernia on the left side. Despite his medical history, continuing complaints and problems, and diagnosis, Plaintiff asserts that Defendants have documented that they will not consider surgical repair until the hernia tears closer to his scrotum. According to Plaintiff, as a direct result of the delayed initial sick call he developed an Inguinal hernia which has gone untreated.

A federal court cannot issue a preliminary injunction without notice to the adverse party. See Fed. R. Civ. P. 65 (a) (1). However, because Plaintiff's claim is supported by documentary evidence and appears on its face that it may have merit, the Magistrate Judge recommends that service of the action be made on Defendants,[2] that a hearing on the motion be scheduled as soon as possible,[3] and that notice of the hearing be served on Defendants, on the United States Attorney and on the United States Attorney General as counsel for Defendants.[4]

Federal courts must "approach issuance of injunctive orders with the usual caution," and "need not ignore [an] inmate's failure to take advantage of adequate prison procedures" to attempt to rectify the deficiencies. Farmer v. Brennan, 511 U.S. 825, 827 (1994). Cases in this circuit and in the United States Supreme Court have long reflected

---

[2] Plaintiff has paid the $150.00 statutory filing fee to pursue this action and has not requested in forma pauperis status. By separate order he has been advised that service is now appropriate and of the procedure for accomplishing same.

[3] The Magistrate Judge stands ready to schedule and conduct the hearing if desired, but points out that this would cause further delay in consideration of the motion on its merits because a magistrate judge is not authorized to determine a motion for injunctive relief in the absence of consent. 28 U.S.C. § 636 (b) (1) (A). The proposed findings of fact and recommended decision procedure set forth in 28 U.S.C. § 636 (b) (1) (B) & (C) would take at least an additional ten days to complete.

[4] The United States Attorney has responsibility for representing all FCI employees in prisoner civil rights actions.

the public policy of judicial restraint in the area of prison administration and of deference to administrative decisions of prison officials. Federal courts are advised to exercise restraint before unleashing the "dramatic and drastic power of injunctive force" which may be applied "only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights . . . ." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982) (internal citations omitted). The Eighth Circuit has cautioned that:

> [J]udicial restraint is especially called for in dealing with the complex and intractable problems of prison administration . . . . It is therefore all the more important that federal courts abstain from imposing strict standards of conduct, in the form of injunctions, on prison officials in the absence of a concrete showing of a valid claim and constitutionally mandated directives for relief. The courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.

Id.; see also Goff v. Harper, 60 F.3d 518, 520-21 (8th Cir. 1995).

Plaintiff has sufficiently alleged conduct that poses a presently existing actual threat of irreparable harm to him by Defendants. "In order for an injunction to issue, a right must have been violated." Rogers, 676 F.2d at 1214 (citing Heasley v. U.S., 312 F.2d 641, 648 (8th Cir. 1963)). Moreover, his allegations are supported by the evidence he refers to in his motion and that is attached to his original complaint. For these reasons, it appears that Plaintiff's motion should be the subject of a hearing.

In accordance with the above, IT IS THEREFORE RECOMMENDED that:

1.     Plaintiff's motion for a preliminary injunction (docket entry #2) should be scheduled for a hearing, with notice of the hearing to be served on the United States Attorney and on the United States Attorney General. The Magistrate Judge stands ready

to schedule and conduct the hearing for a report and recommendation if so requested by the District Judge.

A copy of this recommendation is being served on the United States Attorney and the United States Attorney General.

DATED this 8th day of February, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON _2/9/05_ BY _____

kayp

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

February 9, 2005

* * MAILING CERTIFICATE OF CLERK * *

Re:  2:04-cv-00216.

True and correct copies of the attached were mailed by the clerk to the following:

    Byron Dawes
    FCIFC
    FCI Forrest City
    Reg. #27724-177
    Post Office Box 9000
    Forrest City, AR  72336-9000

    press

                                    James W. McCormack, Clerk

        2/9/05                          KPhillips
Date: _____       BY: _____