IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

BYRON DAWES                                                                                           PLAINTIFF
Reg. #27724-177

V.                                     NO. 2:04CV00216 JMM/JWC

COLE JETER, et al                                                                                DEFENDANTS

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I. Instructions**

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR  72201-3325

## II.  Recommended Disposition

Plaintiff is a pro se inmate currently confined to the Federal Correctional Institution in Forrest City, Arkansas ("FCI").  On December 17, 2004, Plaintiff filed this Bivens action[1] (docket entry #1) pursuant to 28 U.S.C. § 1331 along with submission of the $150.00 statutory filing fee.  According to Plaintiff, he has a documented history of hernia complications and corrective surgery in his lower right side.  In early November 2003, Plaintiff was seen in sick call for what he describes as a severe chronic cough that was causing pulling in his abdomen.  From past experience he recognized and feared his symptoms as causing either a potential new hernia or a tear of a previously repaired hernia.  Despite these fears and his pleas for help, he was not given another medical appointment until three weeks later on November 24, 2003.  Still no hernia exam was performed at that time and Plaintiff was instead diagnosed with rhinitis and told to use

---

[1] Because Plaintiff is a federal inmate alleging a constitutional violation against federal defendants, his claims are brought pursuant to Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which established that the victims of constitutional violations by federal agents have a right to recover damages against the official in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials.

cough drops. It was June 10, 2004, before Plaintiff received a hernia exam and was diagnosed with an inguinal hernia on the left side. Despite his medical history, continuing complaints and problems, and diagnosis, Plaintiff asserts that Defendants have documented that they will not consider surgical repair until the hernia tears closer to his scrotum. According to Plaintiff, as a direct result of the delayed initial sick call he developed an inguinal hernia which has gone untreated.

**A.    Procedural Background**

On June 8, 2005, Defendants filed a motion to dismiss, or, in the alternative, a motion for summary judgment (docket entry #27). Also filed was a memorandum in support and statement of undisputed facts, as well as an exhibit under seal containing Plaintiff's medical records (docket entries #28, #29, #30). Defendants seek dismissal of Plaintiff's complaint on the grounds that his disagreement with his course of treatment does not state a violation of his Eighth Amendment constitutional rights. They also assert the protections of qualified immunity.

On August 2, 2005, Defendants Jeter and Kineish filed a motion to dismiss Plaintiff's amended complaint (docket entry #47). Four days earlier Defendants filed a memorandum in support of this motion (docket entry #46).[2] Defendants Jeter and Kineish seek dismissal of Plaintiff's case for the same reasons as those set forth in Defendants' original motion, incorporating by reference the arguments previously made. Plaintiff has responded to both motions (see docket entries #32, #53, #54). It is Plaintiff's contention that the standard medical protocol for treatment and cure of an inguinal hernia is surgical repair and that

---

[2] Plaintiff's first amended complaint added Defendants Jeter and Kineish as parties (see docket entry #42).

Defendants have denied him this needed surgery because it is cost prohibitive and may subject them to liability for negligence (see docket entries #32, #54).

These filings were followed by Plaintiff's own motions for summary judgment and supplemental motion for summary judgment (docket entries #55, #56, #62). Defendants have responded (docket entries #57, #65) and Plaintiff has filed a reply (docket entry #66).

## B.   Standard of Review

Summary judgment[3] is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999). A moving party is entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23. To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e). A nonmovant has

---

[3] The Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of the plaintiff's pleadings before the defendant's answer is due. However, if a 12(b)(6) motion is based on evidence outside the pleading, the motion may be converted to a motion for summary judgment. Id. 12(b). Generally, if the court considers the evidence, the motion must be converted to a motion for summary judgment. Id. Because Defendants refer to attachments to previously filed pleadings and to medical records filed under seal which the Court relies upon, and since Plaintiff has responded to Defendants' motions thus negating any potential claim of unfair surprise, Defendants' motions will be construed as ones for summary judgment. Id. 56.

an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993). A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).

**C.    Analysis**

To prevail on his claim of deliberate medical indifference, Plaintiff must allege acts or omissions by Defendants "sufficiently harmful to evidence deliberate indifference to [his] serious medical needs." Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The Eighth Circuit has interpreted this standard to include both objective and subjective components: "The [plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs." Jolly, 205 F.3d at 1096 (citing Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)); see also Stetter v. Riddick, 6 Fed. Appx. 522 (8th Cir. 2001) (unpub. per curiam) (citing Moore v. Jackson, 123 F.3d 1082, 1086 (8th Cir. 1997)). This standard has been well settled for some time and Plaintiff's burden is substantial. In determining whether Defendants were deliberately indifferent to his serious medical needs, Plaintiff must demonstrate "more than negligence, more even than gross negligence." Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). Moreover, "mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Id.

First, Plaintiff must establish that he suffered from an objectively serious medical need. A medical need is "serious" if it has been diagnosed by a physician as mandating treatment or if it is so obvious that even a lay person would recognize the necessity for a

physician's treatment. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997); see also Roberson v. Bradshaw, 198 F.3d 645, 648 (8th Cir. 1999). Under this standard, it is this Court's opinion that Plaintiff has established a serious medical need. Not only has he been diagnosed with an inguinal hernia, but his daily activities have been restricted because of same (medical classification and lifting restrictions imposed and discussed more fully herein). Next, Plaintiff must establish that Defendants were (1) personally aware of his serious medical needs; and (2) deliberately disregarded those needs. Coleman, 114 F.3d at 785-86.

Plaintiff's medical records (see docket entry #30, filed under seal) indicate that he received surgical treatment for an inguinal hernia on the right side of the abdomen sometime in the 1970s, approximately thirty years ago. On July 19, 2004, Plaintiff was seen by Defendant Kineish, a doctor who noted a small sized inguinal hernia on the left groin. Observation was recommended and no surgery was indicated at that time but would be considered if the hernia either strangulated or extended into the scrotal sack. Approximately one month earlier, Plaintiff received an indefinite change in medical classification restricting him to no lifting over ten pounds. Plaintiff's medical records further indicate that he has been medically evaluated through sick call and chronic care dozens of times since his arrival at the FCI in October 2002, for various reasons. Plaintiff does not dispute these facts. In his declaration Plaintiff states: "I have been to sick-call several times, in fact nearly fifty (50) times complaining to each of the Defendants . . . ." (see docket entry #53, ¶ 4). In addition, the declaration of Defendant Prince, physician and clinical director of the Federal Correctional Complex, indicates that Plaintiff has a hernia which is small, reducible, and poses no danger of strangulation. At this time it can be

reduced manually by pushing it back into place.  Because a hernia can become enlarged if one lifts heavy items or strains excessively, Plaintiff has been placed on a ten-pound lifting restriction to reduce the risk of excessive strain.  If a hernia becomes obstructed, circulatory supply to the area and bowel obstruction may become a concern and surgical intervention becomes necessary.  However, according to Defendant Prince, at this time surgical treatment of Plaintiff's hernia is not medically necessary given that the hernia is both reducible and not obstructed.  It is Defendant's medical opinion that hernias are common and that it is not uncommon for persons to have a hernia for many years without the need for surgical intervention (see docket entry #23, Exhibit A, incorporated by reference in docket entries #28, #46).

First, and clearly, Plaintiff has not been denied medical care. By his own admission he has been seen in sick call at least fifty times over the past three years.  This fact alone does not amount to either deliberate medical indifference or negligence.  While he may not have received the treatment of his choice, the medical records indicate that Defendants have responded to and provided Plaintiff medical care, even if it has consisted at the very least of simply monitoring his existing condition.  "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment." Dulany, 132 F.3d at 1240.  Moreover, when an inmate is complaining about a delay in treatment, as Plaintiff herein is (delay in surgical intervention), the objective "seriousness" of the deprivation must be measured by reference to the *effect* of any delay. Coleman, 114 F.3d at 784 (citing Crowley v. Hedgepeth, 109 F.3d 500, 502 (8th Cir. 1997)).  To succeed on his claim, Plaintiff must place verifying

medical evidence in the record to establish the detrimental effect of delay in medical treatment, i.e., that Defendants ignored a critical or escalating situation, or that the delay adversely affected his prognosis. Id.; Beyerbach v. Sears, 49 F.3d 1324, 1326-27 (8th Cir. 1995). This, Plaintiff has failed to do. See also the following unpublished cases of Jackson v. Hallazgo, 30 Fed. Appx. 668 (8th Cir. Mar. 6, 2002) (unpub. per curiam) (citing Coleman, 114 F.3d at 784) ("[a]n inmate's failure to place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment precludes a claim of deliberate indifference to medical needs"); O'Neal v. White, 221 F.3d 1343 (8th Cir. July 12, 2000) (unpub. per curiam) (citing Crowley, 109 F.3d at 502) (concluding that plaintiff's "failure to submit verifying medical evidence to show a detrimental effect from any delay in tests, surgery, or alternative treatments was fatal to his Eighth Amendment claim"). The law in this area is clear and Plaintiff has not met his burden. For these reasons, Defendants' motions should be granted. Because Plaintiff has failed to prevail on his claim of deliberate medical indifference, it is unnecessary to address Defendants' qualified immunity argument. It is equally unnecessary to address Plaintiff's motions for summary judgment.

### III. Conclusion

In accordance with the above, IT IS THEREFORE RECOMMENDED that:

1. Defendants' motions to dismiss, or, in the alternative, motions for summary judgment (docket entries #27-1, #27-2, #47) should be GRANTED and Plaintiff's case should be DISMISSED IN ITS ENTIRETY WITH PREJUDICE for FAILURE TO STATE A CLAIM.

2. All pending motions should be DENIED AS MOOT.

3. This dismissal should count as a "strike" as frivolous pursuant to 28 U.S.C. § 1915(g).[4]

DATED this 18th day of October, 2005.

                                                        */s/ [signature]*
UNITED STATES MAGISTRATE JUDGE

---

[4] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.